UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

TYRONE WASHINGTON,

Defendant.

Criminal No. 07-131-13
JR/DAR

### MEMORANDUM OF FINDINGS OF FACT
### AND STATEMENT OF REASONS IN
### SUPPORT OF ORDER OF DETENTION

## I. INTRODUCTION

Defendant is charged by indictment with conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana in violation of 21 U.S.C. § 846 and unlawful use of a communication facility and aiding and abetting in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. A detention hearing was commenced by the undersigned United States Magistrate Judge on July 24, 2007, and concluded on July 26, 2007.

Upon consideration of the evidence adduced at the hearing, the proffers and arguments of counsel and the entire record herein, Defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

## II. THE BAIL REFORM ACT

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person

United States v. Washington                                                                              2

and the community, such judicial officer shall order the detention of the [defendant] before trial."
18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987); <u>United States v. Simpkins</u>, 826 F.2d 94, 98 (D.C. Cir. 1987); <u>United States v. Perry</u>, 788 F.2d 100, 113 (3d Cir. 1986); <u>United States v. Sazenski</u>, 806 F.2d 846, 848 (8th Cir. 1986).

  Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. <u>United States v. Vortis</u>, 785 F.2d 327, 328-29 (D.C. Cir.), <u>cert</u>. <u>denied</u>, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." <u>United States v. Westbrook</u>, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

  In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. 18 U.S.C. § 3142(g).

  A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the

United States v. Washington                                                                                               3

defendant committed an offense under the Controlled Substances Act, 21 U.S.C. § 801 et seq., for which a maximum period of incarceration of ten years or more is prescribed. 18 U.S.C. § 3142(e). An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142. See United States v. Vargas, 804 F.2d 157, 163 (1st Cir, 1986); United States v. Suppa, 799 F.2d 115, 117 (3rd Cir. 1986); United States v. Mosuro, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III. DISCUSSION

The government proceeded by oral proffer summarizing the criminal history of Defendant and the facts revealed during the course of the investigation which culminated in the indictment. The government proffered that Defendant was part of a 16-person narcotics conspiracy. The Defendant is named in counts 52, 53, 57 and 58 in the indictment. In the indictment Defendant is alleged to have committed the overt acts in furtherance of the conspiracy numbered 8, 11, 12, 33, 113, 115, 116, 120, 121, 142, and 161.

In further support of its request for pretrial detention, the government proffered that Defendant has four prior convictions and nine previous arrests. The government principally relied on Defendant's conviction for possession with the intent to distribute marijuana in 1999 and the revocation of his term of probation in that case in June, 2000. Another conviction the government emphasized was a felony conviction for contempt when the Defendant defied a court order that while on pretrial release for a narcotics case, he was to not enter a five block radius of the area where he was allegedly selling drugs. The government also represented that Defendant is not amenable to pretrial release because at the time of his arrest in this action he was already on supervised release for a felony contempt conviction, and committed the acts for which he was

United States v. Washington                                                                                                   4

indicted while on supervised release. In addition, at the time of his arrest, a warrant for Defendant's arrest for failure to comply with his conditions of supervised release was outstanding; among the violations alleged was failure to report to his Community Supervision Officer and failure to report for drug testing. The government also proffered that there is another arrest warrant for the Defendant relating to an armed robbery that occurred June 28, 2007. Lastly, the government proffered that the Defendant, at the time of his arrest, bragged about avoiding arrest for the previous two months since.

Defendant's counsel proffered in opposition to the government's request for pretrial detention that no contraband was seized from the Defendant or his home. In addition, Defendant's counsel proffered that there was no allegation made in the indictment that the Defendant ever sold a controlled substance to an undercover officer.

## IV. **FINDINGS OF FACT**

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community. The nature and circumstances of the offense charged indicate that the Defendant was engaged in a conspiracy to distribute significant quantities of cocaine base and marijuana.

On the first day of the detention hearing, the undersigned observed that the evidence proffered by counsel for the government appeared less than compelling. However, the undersigned finds that circumstances relevant to Defendant's history and characteristics warrant pretrial detention. Of particular significance is that Defendant was on supervised release at the time of his arrest in this matter; that Defendant was not in compliance with his terms of

United States v. Washington                                                                 5

supervised release; there is an outstanding warrant against the Defendant for an armed robbery he allegedly committed while on supervised release; and Defendant has a history of not complying with the terms of his release.

Finally, the undersigned has carefully considered Defendant's proffer of evidence, and finds that it is insufficient to rebut the applicable presumption of dangerousness.  See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Defendant will be held without bond pursuant to the July 26, 2007 Order of Detention.

                                                                /s/ DEBORAH A. ROBINSON
                                                                DEBORAH A. ROBINSON
                                                                United States Magistrate Judge

___August 3, 2007___
DATE

___July 26, 2007___
NUNC PRO TUNC